# In the United States Court of Federal Claims

No. 14-1157C
(Filed: August 20, 2015)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MATTHEW T. CRUMLEY,

          *Plaintiff*,

v.

THE UNITED STATES,

          *Defendant*.

Military pay; wrongful discharge, 10 U.S.C. § 1558(f); Reduction in Force Board; selection board; special board requirement for judicial review.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Matthew L. Eanet*, Los Angeles, CA, for plaintiff.

*Mikki Cottet*, Senior Trial Counsel, United States Department of Justice, Civil Division, Commercial Litigation Branch, Washington, DC, with whom were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Claudia Burke*, Assistant Director, for defendant. *Capt. Bryce G. Poole*, Air Force Civil Litigation, Andrews, MD, of counsel.

## OPINION

BRUGGINK, *Judge*

    In his complaint, plaintiff alleges that he was wrongfully discharged from the United States Air Force. He seeks back-pay, reinstatement, and correction of his military service record. Pending before the court is defendant's motion to dismiss for lack of jurisdiction under Rule 12(b)(1). The motion is fully briefed. Oral argument is unnecessary. Because plaintiff did not seek review by a "special board" as required by 10 U.S.C. § 1558(f)(1) (2012), we grant the motion to dismiss.

BACKGROUND

Plaintiff began serving as a commissioned officer on active duty in the Air Force in 2000.  He received numerous favorable evaluation reports and recommendations during his service, eventually attaining the rank of Major in 2008.  In November 2010, plaintiff was injured while serving as an Honor Guard Ceremonial Guardsman during a funeral ceremony.   Plaintiff subsequently sent an email to senior Air Force officials on November 20, 2010, detailing the incident and requesting that the Air Force address the situation.   As a result, plaintiff received a formal Letter of Admonishment ("LOA") on December 21, 2010, because plaintiff bypassed his normal chain of command and allegedly acted unprofessionally.  On March 20, 2011, an Unfavorable Information File ("UIF") was posted to plaintiff's record. Plaintiff's evaluation report for the period of July 2010 to June 2011 documented this negative information.

Plaintiff sought administrative review with the Evaluation Reports and Appeals Board ("ERAB") in early Fall 2011, asking to have his evaluation report voided.  The ERAB denied his appeal on June 1, 2012. While this action was pending, a Reduction in Force Board ("RIF") was convened to determine which airmen to discharge from the Air Force due to budgetary constraints. On October 27, 2011, plaintiff received a letter informing him that the RIF had not selected him for retention and that his separation date from the Air Force would be in March 2012.

On December 21, 2012, plaintiff filed an application with the Air Force Board for Correction of Military Records ("AFBCMR"), seeking review of the RIF and ERAB decisions, reinstatement in the Air Force, and expungement of the LOA and UIF from his record.   After a lengthy review process, the AFBCMR denied plaintiff's appeal on January 28, 2014.  Plaintiff appealed this decision to the Under Secretary of Defense.  The Under Secretary denied plaintiff's appeal on August 6, 2014, stating that this decision was final. Plaintiff instituted the present action on December 1, 2014, alleging wrongful discharge and seeking back-pay, reinstatement, and correction of his military record.

DISCUSSION

We regularly review military pay claims, such as wrongful discharge, pursuant to the Tucker Act's grant of jurisdiction over claims based on money-mandating sources of law, here, the Military Pay Act, 37 U.S.C. § 204 (2012).

2

*See Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003).  In certain circumstances, our ability to hear such a claim may be further limited, however.

Section 1558 of title 10 confines judicial review of military pay claims in cases where the claimant challenges a decision of a "selection board:"

> A person seeking to challenge an action or recommendation of a selection board . . . is not entitled to relief in any judicial proceeding unless the action or recommendation has first been considered by a special board under this section or the Secretary concerned has denied the convening of such a board for such consideration.

10 U.S.C. § 1558(f)(1).  In other words, this court is without jurisdiction to review a decision of a "selection board" if the individual has not first sought review by a "special board."  A "selection board" is defined in the same statute as a

> Board convened under section . . . [10 U.S.C. § 638a and other provisions] . . . and any other board convened by the Secretary of a military department under any authority to recommend persons for appointment, enlistment, reenlistment, assignment, promotion, or retention in the armed forces or for separation, retirement, or transfer to inactive status in a reserve component for the purpose of reducing the number of persons serving in the armed forces.

*Id.* § 1558(b)(2)(A).  A "special board" in turn is defined as a "board that the Secretary of a military department convenes under any authority to consider whether to recommend a person for . . . retention . . . instead of referring the records of that person for consideration by a previously convened selection board which considered or should have considered that person." *Id.* § 1558(b)(1)(A).

Defendant moves the court to dismiss for lack of jurisdiction because plaintiff did not seek to have the RIF's decision reviewed by a "special board," as required for judicial review under 10 U.S.C. §1558(f).  Defendant points out that the administrative record does not contain a single request for a "special board."  Instead, plaintiff submitted the standard application to the AFBCMR, and his appeal to the Under Secretary does not mention a "special board."  Further, defendant argues that the court cannot grant the other equitable relief

requested in the complaint without a pendant claim for back-pay. Given that it is plaintiff's burden to establish jurisdiction, defendant concludes that plaintiff's complaint is deficient and should be dismissed.

In his opposition, plaintiff argues that there is no evidence that the RIF was a "selection board" as defined by section 1558(b)(2), and, thus the special board requirement was not triggered. Even if the RIF was a "selection board," plaintiff reasons that the AFBCMR was a "special board" and argues that defendant has not proven otherwise. As an alternative avenue to meeting the statutory requirements, plaintiff asks us to construe his appeal to the Under Secretary as a request for a "special board." Plaintiff offers three further reasons why the motion should be denied: (1) further administrative review would be futile; (2) he followed all of the Air Force's instructions regarding appeal procedures; and (3) the exhaustion requirement is waived because plaintiff was improperly advised by the agency. Finally, in the alternative, plaintiff asks the court to stay the case to allow him to seek review by a special board, rather than dismiss it.

The initial inquiry is whether the RIF was a "selection board" as defined in the statute. Plaintiff and defendant disagree on this point. We conclude that it was a "selection board" because the RIF was tasked with deciding whether to recommend Major Crumley for retention in the Air Force. This is squarely within the definition of a "selection board" in section 1558(b)(2). Therefore, its decisions trigger the applicability of the special board requirement of subsection (f).

The second inquiry is whether the AFBCMR was a "special board." Plaintiff points out that the AFBCMR can be a special board under the statute and thus it was so in this case, in effect by necessity, since he followed all of the directions for appeal given to him by the Air Force at each step of the process. Plaintiff further characterizes his appeal to the Under Secretary as a request for a special board and the Under Secretary's denial of his appeal as a denial of the "convening of such a board" as contemplated by the statute. *Id.* § 1558(f)(1) (prohibiting judicial review unless first reviewed by a special board or request for review by such a board is denied). In a last ditch effort, plaintiff argues that defendant has not proven that the AFBCMR was not a "special board," and so the motion should be denied.

Defendant responds that the AFBCMR was not special because the Secretary must specifically designate it as a "special board" in order for it to satisfy the statute, and that was not done in plaintiff's case. Further, plaintiff's

4

appeal to the Under Secretary was not in fact a request for a "special board," according to defendant, and thus the Under Secretary's denial of his appeal cannot be construed as a denial of the convening of a "special board" either.

Although plaintiff is correct that a board for correction of military records can be a "special board," section 1558(b)(1)(B) is clear that it is only so when "designated as a special board by the Secretary concerned." *Id.* § 1558(b)(1)(B). There is no indication in the administrative record that the Secretary designated the AFBCMR as a "special board" to review plaintiff's claim or that plaintiff asked the Secretary of the Air Force to designate it as such. Plaintiff filed a standard application in accordance with normal Air Force procedure. Plaintiff's argument that defendant should prove the negative is to no avail. It is plaintiff's burden to establish subject-matter jurisdiction. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747-48 (Fed. Cir. 1988). He must thus show from the administrative record that the corrections board was convened as a "special board" under the statute. Plaintiff has not done so, and are we unable to find any indication of such a designation in the record.

Similarly, plaintiff's appeal to the Under Secretary contains no mention of a "special board." It is difficult to maintain that the Under Secretary denied the convening of a special board if he had no reason to believe that plaintiff was requesting one. Thus, the Under Secretary's denial of plaintiff's appeal does not satisfy the statute's requirement of a "special board" or denial of a request for one.

Plaintiff's alternative argument that defendant in effect waived the exhaustion defense by not instructing plaintiff to request a special board is a general appeal to the equities of plaintiff's circumstances. As the Supreme Court has stated, however, "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)). As unfair as it may seem, defendant cannot be estopped from raising the exhaustion defense in this instance because it is directly relevant to our jurisdiction. And we note that plaintiff is presumed to know the law. Thus, the fact that he was not told that he could request a special board does not preclude defendant's argument nor excuse the court of its obligation to dismiss a complaint when there is no jurisdiction. *See* Rule 13(h) of the Rules of the Court of Federal Claims.

Finally, plaintiff requests that we stay this action to allow him to pursue review by a "special board." However, we are not empowered to issue a stay if

we lack jurisdiction. *See United Partition Sys., Inc. v. United States*, 59 Fed. Cl. 627, 643 (2004).

CONCLUSION

Because plaintiff did not seek review of the RIF's decision by a "special board," 10 U.S.C. § 1558(f)(1) prevents our exercise of jurisdiction. Accordingly, defendant's motion to dismiss for lack of jurisdiction is granted. The clerk is directed to enter judgment accordingly.  No costs.

s/ Eric G. Bruggink
ERIC G. BRUGGINK
Judge